UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN PETTIFORD, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>NURSE TERRI HAMILTON, et al., )<br>)<br>Defendants. ) | 1:07-cv-675-DFH-TAB |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be granted.

**I. Background**

Kevin Pettiford alleges in his amended complaint that while confined in the Delaware County Jail ("Jail") certain nurses violated his right to constitutionally adequate medical care by failing to provide medical attention to injuries he had suffered during his arrest and by their deliberate indifference to his health. Claims against other defendants have been resolved.

The defendant nurses, Lisa Devine, Terri Hamilton, and Leanna St. Meyer, assert that Pettiford failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA") prior to filing this action. They have filed a motion for summary judgment as to this affirmative defense. Pettiford has opposed the motion for summary judgment, arguing that he exhausted his administrative remedies prior to filing his lawsuit by utilizing the inmate grievance procedure at the Delaware County Jail and by filing a notice of tort claim against the City of Muncie. On July 8, 2008, this court found that additional development of the evidentiary record was warranted. That has now occurred.

**II. Discussion**

***A. Summary Judgment Standard***

Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting then-current text of Rule 56(c)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

### *B. Material Facts*

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Pettiford as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

1. On August 10, 2006, Pettiford was arrested. Because he had been injured during the course of his arrest, he was treated for these injuries at the Ball Memorial Hospital ("BMH") Emergency Room. He was prescribed Tylenol and Motrin for pain as needed.

2. After being treated at the BMH, Pettiford was taken to the Jail.

3. The Jail has an established grievance procedure for receiving and responding to inmate complaints. The grievance procedure requires that grievances be filed within three days of the actions forming the basis of the grievance. Pettiford was aware of the grievance procedure while at the Jail.

4. On October 5, 2006, Pettiford executed a "refusal of medical treatment," because he did not want co-pay charges for medical treatment deducted from his commissary account.

5. On November 1, 2006, Pettiford filed a *Request for Medical Attention* stating that "my shoulder (left) continues to ache from the injury I sustained during my August 10th arrest. Both of my ankles also ache and continue to swell. Previous request for medical attention regarding the injuries I received during my arrest have been ignored. Can I have some pain medication to relieve the pain[?]"

      6.      On November 3, 2006, Pettiford filed an *Inmate Grievance*.[1] This grievance stated: "On August 10, 2006, the doctor from BMH sent medication with me when I returned from the ER after being injured by police officers during my arrest. I have made numerous request[s] to nurse Hamilton and the other nurses to receive the medication that the doctor had prescribed, but have only been told to purchase Tylenol off of commissary."

      7.      On January 19, 2007, Pettiford filed a Notice of Tort Claim.

      8.      Pettiford was confined at the Jail until September 12, 2007.

      9.      On May 25, 2007, Pettiford filed his complaint against the defendant nurses.

### *C. Analysis*

Because Pettiford was a prisoner at the time this action was filed, 42 U.S.C. § 1997e(a) is applicable to his civil rights action. The PLRA provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In other words, § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences. *Porter v. Nussle,* 534 U.S. 516, 519 (2002).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); see also *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

---

[1] The Jail has no record of the alleged November 3, 2006, *Inmate Grievance* or any other grievance filed in 2006 related to the injuries Pettiford received during his arrest or related to his health or medications. In addition, Pettiford states in his supplemental response that he also filed a grievance related to his health on November 30, 2006. This grievance stated that he had a tooth partially break off while sleeping, that the medical department had not responded to his medical request, and that he needed to see a dentist. This November 30, 2006, grievance is unrelated to his August 10, 2006, arrest.

Pettiford's claim against the defendant nurses in this lawsuit involves treatment at the Jail within the scope of the Jail's grievance policy. That is, Pettiford could have filed a grievance at the Jail seeking relief from any failure to provide medical attention to injuries he suffered during his arrest.

Crediting Pettiford's position regarding the filing of an *Inmate Grievance* for the purpose of resolving the motion for summary judgment, he filed such a grievance, but far outside the time limit which was applicable. That is, Pettiford did not use the administrative grievance process available to him at the Jail until November 3, 2006--nearly three months after his arrest, his injuries during the arrest, and his arrival at the Jail following the arrest. The Jail's grievance policy requires that grievances be filed within three days, not three months. The exhaustion requirement is intended to give jail and prison authorities an opportunity to address issues before they become federal lawsuits. See *Porter v. Nussle*, 534 U.S. at 524-25. Although Pettiford submitted a grievance, he did not do so within the prescribed three day time period. "Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies." *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004). Relatively short deadlines for filing grievances have been enforced under the PLRA's exhaustion requirement. See *Johnson v. Meadows,* 418 F.3d 1152 (11th Cir. 2005) (enforcing five day limit). The grievance allegedly filed by Pettiford on November 3, 2006, relates to his request for free medications prescribed immediately following his incarceration on August 10, 2006. Under the Jail's grievance policy, this grievance was untimely.

Pettiford seeks to overcome this hurdle by arguing that he filed his November 3, 2006, grievance just two days after he submitted the *Request for Medical Attention,* in which he complained of pain from injuries sustained during his arrest and the failure of medical staff to treat his injuries and provide requested pain medication. The *Request for Medical Attention* is relevant only to report on his medical concerns on November 1. This document does not negate, supersede or satisfy the requirement that Pettiford timely grieve the medical care he received upon first arriving at the Jail following the treatment at BMH. Pettiford may not properly tie his November grievance to the medical issues arising from the August injury, particularly in light of the fact that on October 5, 2006, he signed a refusal of medical treatment form because he did not want to pay the required co-pay for medical treatment and medications.

Pettiford's Notice of Tort Claim was filed even later than his grievance. Apart from timing, moreover, this action did not satisfy the exhaustion requirement or avert its application. When the administrative process has "authority to take some action in response to a complaint" a prisoner must exhaust. *Booth v. Churner*, 532 U.S. 731 (2001); *Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir. 2001). Filing a Notice of Tort Claim is not a substitute for complying with the administrative process, and the doctrine of substantial compliance has not been recognized as a means of satisfying the statutory exhaustion requirement. *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002).

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Pettiford's action against these defendants should not have been brought and the action must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

The defendants' motion for summary judgment is **granted.** Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 9/3/2008